# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHRISTOPHER LAMAR RUSH**                                                **PETITIONER**

v.                                                                      No. 1:01CR55-B

**UNITED STATES OF AMERICA**                                              **RESPONDENTS**

## MEMORANDUM OPINION

The petitioner Christopher Lamar Rush is presently in the custody of the United States Bureau of Prisons and seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2255.

## Facts and Procedural Posture

The petitioner pled guilty in the United States District Court for the Northern District of Mississippi to the charge of conspiracy to distribute crack cocaine on September 26, 2001. He was sentenced December 19, 2001, to 120 months imprisonment, three years supervised release, and a special assessment of $100.00. The court entered judgment February 7, 2002. The petitioner did not appeal the judgment. He filed the instant petition for a writ of *habeas corpus* with the court September 15, 2005.

## Discussion

The Antiterrorism and Effective Death Penalty Act [AEDPA] governs decision in this proceeding. The AEDPA added a limitations period to proceedings under § 2255 that provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final . . . .

28 U.S.C. § 2255.

Thus, defendants seeking *habeas corpus* review under 28 U.S.C. § 2255 face a one-year period of limitation that runs, unless tolled, from the date on which the petitioner's conviction became final. *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002). The one-year limitation is not a jurisdictional bar, however, and it can be tolled in appropriate circumstances. *Id.* The burden of proving that the statute of limitations has been tolled is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 509-10 (original opinion), and 223 F.3d 797 (5th Cir. 2000) (opinion issued amending language on rehearing).

The petitioner's conviction became final on May 8, 2002, ninety days after the amended judgment was entered on February 7, 2002. *Bell v. Maryland*, 378 U.S. 226, 232 (1964) (time period within which a petitioner may petition for a writ of *certiorari* to United States Supreme Court must be considered in calculation of *habeas corpus* deadline). Thus, the deadline for the petitioner to file the instant petition expired May 8, 2003 – one year from the date his conviction became final. The instant petition was filed with the court September 15, 2005. Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401, *reh'g and reh'g en banc denied*, 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)). The petitioner did not, however, date his federal petition for a writ of *habeas corpus*; as such, the

court shall allow three days for mailing and finds that the instant petition was filed September 12, 2005. Thus, the instant petition for a writ of *habeas corpus* was filed 858 days after the deadline for filing expired.

The petitioner has set forth no facts or argument to invoke equitable tolling, which "applies principally where the [petitioner] is actively misled by the [state] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Finally, mere ignorance of the law by an incarcerated *pro se* prisoner does not justify equitable tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d at 630 (citing *Fisher v. Johnson,* 174 F.3d 710, 712 (5th Cir. 1999)).

Before the court directs the government to respond to a petition under 28 U.S.C. § 2255, the court must make an initial review of the petition, and, if the petitioner is not entitled to relief, the petition must be dismissed. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The instant petition was filed more than two years after the filing deadline expired, and the petitioner offers no rationale under which the court might apply equitable tolling. As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2255. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of June, 2006

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE